

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEO LIONEL PAYNE,**

    Petitioner,

v.                                                 Civil Action No. 3:07CV614

**GENE M. JOHNSON,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia state prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus challenging his convictions in the Circuit Court of the City of Alexandria ("Circuit Court"). Petitioner's grounds for relief are recited verbatim:

| | |
|---|---|
| Claim 1 | Conviction obtained by violation of Constitution Amendment VI, and Amendment XIV. |
| Claim 2 | Conviction obtained by no motion for change of venue. |
| Claim 3 | Conviction obtained by discrimination from the Commonwealth of Virginia. |
| Claim 4 | Conviction obtained by violation of the XIV Amendment of the U.S. Constitution. |

(Fed. Hab Pet. 5-6 (excessive capitalization corrected)).

Respondent has moved to dismiss on the grounds that Petitioner has failed to exhaust his state court remedies as to all of his claims. Petitioner has responded. The matter is properly before the Court for review and disposition.

## I. PROCEDURAL HISTORY

On January 25, 2007, Petitioner was convicted of grand larceny by a jury in the Circuit Court. He was sentenced to a total term of three years and nine months imprisonment.

Thereafter, Petitioner filed a petition for appeal in the Court of Appeals of Virginia in which he raised two claims that have not been raised here.[1] The Court of Appeals of Virginia denied his petition for appeal, and the Supreme Court of Virginia refused his appeal of that decision on July 17, 2008. Petitioner has not yet filed a state habeas petition asserting any of the claims he raises in his current petition. Petitioner acknowledges that none of the claims raised in his federal habeas petition have been presented to the Supreme Court of Virginia. (Fed. Hab. Pet. at 6.)

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Under 28 U.S.C. § 2254(b), a federal court cannot grant habeas relief unless the petitioner has exhausted the remedies available by presenting his claims to the courts of the state in which he was convicted. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). The exhaustion requirement is satisfied by fairly presenting the claim to the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-46 (1999); *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)). In *Rhines v. Weber*, the United States Supreme Court approved the use of a "stay-and-abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, *i.e.*, those petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 274-76 (2005). "Nevertheless, where a petitioner has

---

[1] In his petition for appeal to the Court of Appeals of Virginia, Petitioner presented the following two claims:
1. Whether the trial court erred in denying defendant's motion for relief due to the government's failure to preserve evidence in its dominion and control;
2. Whether the trial court erred in overruling the defendant's objection to jury instruction 6 on the basis that it . . . violates the defendant's right to remain silent under the Fifth Amendment. (Resp.'s Mot. To Dismiss, Ex. B, Pet. For App. at 4.)

While Petitioner's direct appeal was pending in state court, Petitioner filed the present habeas action.

failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petition without prejudice because the use of the 'stay and abeyance' procedure for certain 'mixed' federal habeas petitions is inapplicable." *Banks v. Johnson*, No. 3:07cv746, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (citing cases); *cf. Jackson v. Roe*, 425 F.3d 654, 659-661 (9th Cir. 2005) ("*Rhines* applies to stays of *mixed* petitions . . . .").

In Virginia, to exhaust state remedies, a "petitioner must present the *same* factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006) (emphasis added); *see also* Va. Code § 8.01-654(A)(1) (2007). "'Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.'" *Banks*, 2008 WL 2566954, at *2 (second alteration added) (*quoting Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005), *aff'd in part, appeal dismissed in part*, 173 F. App'x 203, 204 (4th Cir. 2006) (No. 05-7019) (*per curiam*)); *see also Sparrow*, 439 F. Supp. 2d at 587.

In this case, the record clearly shows that Petitioner has not properly presented any of the claims he raises in this action to the Supreme Court of Virginia as is required. *See Sparrow*, 439 F. Supp. 2d at 587. Although Petitioner appealed the Court of Appeals of Virginia's denial of his direct appeal up to the Supreme Court of Virginia, the claims he presented on direct appeal are entirely different than the claims he raises in his federal habeas petition. Additionally, Petitioner has not filed a petition for habeas corpus in the Supreme Court of Virginia and

Petitioner readily admits that the claims he raises in his federal habeas petition have never been presented in any state court proceeding. (Fed. Hab. Pet. at 6.) Nevertheless, the time for filing a state habeas petition in the Supreme Court of Virginia has not yet expired. *See* Va. Code Ann. § 8.01-654(A)(2) (2007).[2] Petitioner's failure to exhaust his state court remedies therefore warrants summary dismissal of the petition without prejudice for him to exhaust his state remedies by presenting his claims to the Supreme Court of Virginia.[3] *Banks*, 2008 WL 2566954, at *2 (*citing Egan v. Johnson*, No. 7:07cv00264, 2007 WL 1597623, at *1 (W.D. Va. May 31, 2007), *appeal dismissed*, 252 F. App'x 529 (4th Cir. 2007) (No. 07-7075); *Graham*, 2005 WL 1035496, at *2)).

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus will be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. Respondent's motion to dismiss (Docket No. 9) will be GRANTED, and the action will be DISMISSED.

An appropriate Order shall issue.

Date: 8-15-08
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

[2] Section 8.01-654(A)(2) provides, in pertinent part:
"A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2).

[3] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia.